**PRICHARD BROTHERS, INC., et al.,**
**petitioners, Appellants,**

v.

**The GRADY COMPANY, et al., Independent School District No. 353,**
**Karlstad, Minnesota, Respondents.**

No. C3-86-1530.

Supreme Court of Minnesota.

Sept. 9, 1988.

Randolph E. Stefanson, Todd W. Foss, Moorhead, for appellants.

Paul Stoneberg, Marshall, for Independent School Dist. No. 353.

Harold Myhre, Warren, for Grady Co.

---

**2.** 8 MCAR 1.9004D (1984); Minn. Rules 5223.-0040, subp. 4 (1987).

## OPINION

AMDAHL, Chief Justice.

Independent School District No. 353 entered into separate contracts with the appellant Prichard Brothers, as general contractor, and the Grady Company, as architect, for the construction of a school building project. There was no direct contractual relationship between Prichard and Grady.

Ultimately, Prichard Brothers commenced suit against Grady for the latter's alleged negligence and bad faith in performing its architectural services. Prichard also commenced suit against the school, alleging that it was vicariously liable for Grady's negligence. The matter was tried to a jury which found Grady 64% causally negligent and awarded damages of $257,940.[1] The jury also found that Grady was not the agent of the school.

On post-trial motions, the trial court ruled that Grady was the school's agent as a matter of law and that Grady and the school were jointly and severally liable for $193,398.04 including prejudgment interest.

The court of appeals reversed, holding that a negligence action was improper under the rule of *Superwood Corp. v. Siempelkamp Corp.*, 311 N.W.2d 159 (Minn. 1981). It concluded instead that the only remedies available to the appellant were governed by contract. It analyzed the appellants' "potential contract claims" and ruled that there was a failure to prove any breach of contract. It dismissed the action with prejudice and did not address other identified issues. We granted further review pending disposition of *McCarthy Well Co. v. St. Peter Creamery*, 410 N.W.2d 312 (Minn.1987).

It is our view that the *McCarthy* decision, to the effect that *Superwood* does not bar negligence recovery in service transactions, is dispositive and that the appellant Prichard's claim against Grady is not barred. It is unnecessary to determine the contractual relationship, if any, between Prichard and Grady and the "potential contract claims," if any, which Prichard may have against Grady.

As a result of our application of the *McCarthy* decision to this matter, it is necessary to remand the appeal to the court of appeals to resolve undecided issues relating to the sufficiency of the evidence or to the vicarious liability of the school.

Reversed and remanded to the court of appeals for further proceedings.

POPOVICH, J., took no part.

---

1. The decision of the court of appeals, *Prichard Bros, Inc. v. Grady Co.,* 407 N.W.2d 423 (Minn. App.1987) contains a complete recitation of the facts constituting Grady's negligence.